IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | NO. 2:19-CR-01 |
| MADILYNNE REID FARMER (02) | § | |

## **ORDER ON JOINT MOTION FOR CONTINUANCE**

Having considered Government's Motion for Continuance (Docket No. _____), the Court is of the opinion that said motion is meritorious and should be **GRANTED.**

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nonetheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render a right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986).

The ends of justice require this Court to continue the above entitled criminal action, giving consideration to the parties request for additional time as outlined above. The ends of justice outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act excludes from computation of the time between indictment and trial any delay resulting from the grant of a continuance, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); see *United States v. Eakes*, 783 F.2d 499 (5th Cir. 1986), *cert. denied*, 477 U.S. 906 (1986). It is so found, pursuant to 18 U.S.C. § 3161(h)(7)(A), and in the exercise of the Court's discretion, it is found that the motion for continuance should be granted. Accordingly, it is

**ORDERED** that the motion for continuance should be, and is hereby, GRANTED as to the defendant, Madilynne Reid Farmer. It is further

It is further **ORDERED** that the new dates and deadlines are as follows:

**DEADLINES:**

**Plea Deadline: September 1, 2020**

**COURT SETTINGS:**

**PRETRIAL CONFERENCE: September 14, 2020**

**JURY SELECTION AND TRIAL: September 21, 2020**

So ORDERED and SIGNED this __th day of September, 2019

_____
**RODNEY GILSTRAP**
**UNITED STATES DISTRICT JUDGE**